Youssef H. Hammoud (SBN:321934)
**HAMMOUD LAW, P.C.**
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: 949-301-9692
F: 949-301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*David Macias*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MACIAS, | Case No.:  8:24-cv-1496 |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** |
| v. | |
| HUNT & HENRIQUES, LLP; and CITI BANK, N.A. | 1. CITA, Cal. Civ. Code § 1798.92 *et seq.* |
| Defendants. | 2. FDCPA, 15 U.S.C. § 1692 *et seq.* |
| | 3. RFDCPA, Cal. Civ. Code. § 1788 *et seq.* |
| | 4. CCRAA, Cal. Civ. Code § 1785 *et seq.* |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff David Macias ("Plaintiff"), through his attorneys, alleges the following against Hunt & Henriques, LLP ("HH") and Citibank, N.A. ("Citi").

## INTRODUCTION

COMPLAINT AND DEMAND FOR JURY TRIAL

1    1. This is an action to declare that Plaintiff is a victim of identity theft and for

2

3    actual damages, statutory damages, injunctive relief, attorney fees and costs brought

4    by an individual under the California Identity Theft Act (CITA), Cal. Civ. Code §

5    1798.92-1798.97, which is expressly designed to protect victims of identity theft

6

7    from creditor collections on debts arising out of the theft of an individual's identity.

8    2. Counts II and III of Plaintiff's Complaint is based upon the FDCPA and

9    RFDCPA, which prohibit debt collectors from engaging in abusive, deceptive, and

10    unfair practices in connection with the collection of consumer debts.

11

12    3. Count IV of Plaintiff's Complaint is based upon the Consumer Credit

13    Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785 *et seq.*, which regulates

14    credit reporting agencies and furnishers of information from reporting incomplete or

15

16    inaccurate information on a consumer's credit report.

17    4. Plaintiff alleges as follows upon personal knowledge as to himself and his

18    own acts and experiences, and, as to all other matters, upon information and belief,

19

20    including investigation conducted by his attorneys.

21    **JURISDICTION AND VENUE**

22    5. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

23

24    6. Supplemental jurisdiction of the court arises under 28 U.S.C. § 1367 as the

25    state law claims are so related to the claims in the action within such original

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. Defendants transact business here; therefore, personal jurisdiction is established.

## **PARTIES**

9. Plaintiff is a natural person residing in Orange, California.

10. Plaintiff is a "victim of identity theft" as that term is defined by California Civil Code § 1798.92(d) and California Penal Code § 530.5 and a "senior citizen" as that term is defined by California Civil Code § 1761(f).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

12. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1785.3(b).

13. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

14. Defendant Citi is a national banking association engaged in the business of collecting defaulted consumer debts, which qualify as "debt(s)" as defined under Cal. Civ. Code § 1788.2(d) and as defined by 15 U.S.C. § 1692(a)(5). Citi can be served at its principal place of business located at 5800 S. Corporate Place, Sioux Falls, South Dakota 57108.

COMPLAINT AND DEMAND FOR JURY TRIAL

15. Defendant Citi is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

16. Defendant HH is a limited liability partnership law firm that specializes in the recovery of delinquent consumer obligations including cases involving credit card debt. HH is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6). HH can be served at its principal place of business located at 7017 Realm Drive, San Jose, California 95119.

17. As a partnership, corporation, limited liability company, or other similar entity, Defendants are "person[s]" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

19. In or around November 2022, non-party McCarthy, Burgess & Wolff ("MBW") contacted Plaintiff via telephone attempting to collect an alleged debt on Plaintiff's Citi Shop Your Way credit card ("SYW credit card" or "credit card").

20. Plaintiff informed MBW that he had not made any charges on the SYW credit card in a long time, he did not have a balance on that card and that any alleged charges were not his nor did he authorize them.

COMPLAINT AND DEMAND FOR JURY TRIAL

21. In response, MBW indicated that there may be suspicious activity occurring with Plaintiff's credit card and that they would investigate it.

22. In or around January 2023, Plaintiff received a letter from Defendant Citi that his Diamond Preferred Mastercard credit card cannot be renewed because of his delinquency status and a "charge off" status on another credit card account issued by Citi.

23. The letter was sent to Plaintiff's home address located in Orange, CA, the same address Plaintiff has been living at for over 20 years.

24. Plaintiff was justifiably confused because he has never been delinquent on a credit card account, rarely uses his credit cards and always pays his credit cards on time and in full when he does use them.

25. After receiving the letter from Defendant Citi, Plaintiff called Defendant Citi and learned that the delinquency Defendant Citi was referring to was related to the SYW credit card.

26. Further, Defendant Citi stated that the Plaintiff owes an alleged balance of around $20,000.00 on his SYW credit card.

27. Plaintiff informed Defendant Citi that he didn't make any charges on the card and had a $0 balance and asked for a written statement reflecting the charges that allegedly made up the balance Defendant Citi was attempting to collect.

COMPLAINT AND DEMAND FOR JURY TRIAL

28. Defendant Citi informed Plaintiff that they were sending him statements, and Plaintiff responded that he had not received any statements related to the SYW credit card.

29. During the call, the representative for Defendant Citi informed Plaintiff that the statements has been sent to one or more addresses located in Queen Creek, Arizona.

30. Plaintiff informed Defendant Citi that none of the charges on the credit card were made by him, authorized by him, or made with his knowledge.

31. Plaintiff also informed Defendant Citi that none of the Arizona addresses belonged to Plaintiff as Plaintiff resides in Orange, California and has lived in California for the last 20 years.

32. Defendant Citi proceeded to correct Plaintiff's address and sent him copies of the statements it was sending to the addresses in Queen Creek, Arizona.

33. Plaintiff does not know anyone who lives in Queen Creek, Arizona, nor has he ever visited Queen Creek, Arizona.

34. Upon receipt of the SYW credit card statements, Plaintiff learned that many of the charges were being made at a dental office and at a chiropractic office located in Arizona.

35. Plaintiff has never been to a dental office or a chiropractor in Arizona.

COMPLAINT AND DEMAND FOR JURY TRIAL

36. Plaintiff has always been in possession of his credit card and is unsure how the identity thief had obtained his credit card information, and how the identity thief was able to use the credit card.

37. Plaintiff is informed and believes, and thereon alleges, that he is a victim of identity theft and that a person fraudulently obtained and used his consumer credit account issued by Defendant Citi in the name of Plaintiff.

38. Plaintiff is informed and believes, and thereon alleges that the fraudulent charges were primarily for personal, family, or household purposes and is therefore a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

39. At no time did Plaintiff use the credit card in Arizona or towards the goods, services, money, or property obtained on the fraudulent account.

40. Thereafter, Plaintiff began receiving the statements associated with the fraudulent charges to his correct address in Orange, California, despite informing Defendant Citi that he is not responsible for the fraudulent account.

41. Moreover, Defendant Citi was already in possession of Plaintiff's correct home address in Orange, CA.

42. Defendant Citi was attempting to unlawfully collect payment on a debt that Plaintiff is not legally responsible for.

COMPLAINT AND DEMAND FOR JURY TRIAL

43. In or around January 2023 through February 2023, Plaintiff called Defendant Citi multiple times regarding the fraudulent charges, indicating that he did not make any of the charges in question and is the victim of identity theft.

44. On or about March 1, 2023, Plaintiff filed a police report in Orange, California and in Queen Creek, Arizona alleging identity theft by an individual in or surrounding Queen Creek, Arizona who was using Plaintiff's Citi SYW credit card without his authorization or knowledge.

45. In or around March 2023, Plaintiff initiated a fraud claim/dispute with Defendant Citi explaining that he is a victim of identity theft, has not made any of the fraudulent purchases in Arizona, and disputed the alleged debt on the account.

46. Plaintiff provided a copy of the police report to Defendant Citi and and/or non-party MBW.

47. As such, Defendant Citi and non-party MBW were affirmatively in possession of Plaintiff's fraud claim, including a copy of Plaintiff's police report.

48. Defendant Citi knew or should have known that Plaintiff was a victim of identity theft and that the fraudulent charges were not his legal responsibility.

49. In response, Defendant Citi began investigating Plaintiff's fraud claim.

50. On or about May 5, 2023, Plaintiff received a letter from Defendant Citi with the results of the investigation of his fraud claim.

COMPLAINT AND DEMAND FOR JURY TRIAL

51. The letter indicated that Defendant Citi found Plaintiff responsible for the fraudulent charges, despite Plaintiff never living in Arizona, and filing a police report regarding the fraudulent charges.

52. Defendant Citi was attempting to unlawfully collect payment for the approximately $20,371.36 balance in fraudulent transactions incurred by an unknown person who stole and unlawfully used Plaintiff's personal identification information.

53. In or around August 2023, Plaintiff received a letter from Defendant HH claiming that they intend to file suit against him on behalf of their client, Defendant Citi, to collect payment on the $20,371.36 balance.

54. On or about August 25, 2023, Defendant HH filed suit against Plaintiff in the Superior Court of California County of Orange, alleging that Plaintiff is indebted to Defendant Citi in the amount of $20,371.36. (Case No.: 30-2023-01344547-CL-CL-CJC)

55. Defendants misrepresented that the alleged debt was lawfully incurred by Plaintiff.

56. On or about September 18, 2023, Plaintiff filed an answer to the suit in which he indicated that he is a victim of identity theft, did not make any of those fraudulent charges, does not legally owe Defendant Citi $20,371.36, and that he had communicated these facts with Defendant Citi on multiple occasions.

COMPLAINT AND DEMAND FOR JURY TRIAL

57. Plaintiff also indicated that he had filed a police report with the Orange, California police department alleging identity theft by someone in or surrounding Queen Creek who is unlawfully using his Citi credit card.

58. Defendants HH and Citi were aware that Plaintiff was a victim of identity theft and that none of the fraudulent charges were incurred by Plaintiff yet continued to proceed with the lawsuit against Plaintiff.

59. Upon information and belief, the Plaintiff provided Defendants HH and/or Citi with copies of the police reports, written and/or oral communications disputing the fraudulent charges, a copy of his lease agreement to reflect he has been in the same house located in Orange, California since approximately 2006, and other relevant information reflecting that he is the victim of identity theft and not responsible for the charges Defendants were attempting to collect.

60. Despite all of Plaintiff's efforts, Defendants HH and Citi continued the lawsuit against Plaintiff in an attempt to coerce him into paying the alleged debt.

61. Plaintiff is a senior citizen who was subjected to mental pain and anguish, including but not limited to, stress, confusion, fear, sleepless nights, anxiety, headaches, and distress as a result of these unlawful collection attempts by Defendants HH and Citi.

COMPLAINT AND DEMAND FOR JURY TRIAL

62. Defendants HH and Citi engaged in conduct intended to harass, oppress, or abuse Plaintiff in connection with the collection of a debt that is not Plaintiff's legal responsibility.

63. The RFDCPA is a "state version" of the FDCPA that "mimics or incorporates by reference the FDCPA's requirements," including sections 1692d through 1692f, "and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

64. The RFDCPA is a strict liability statute. *Garcia v. Creditors Specialty Serv.,* No. 14-cv-01806-BLF, 2016 U.S. Dist. LEXIS 159686, at *15 (N.D. Cal. Nov. 2016).Defendant engaged in unfair and/or deceptive acts and/or unfair methods of competition by attempting to collect amounts that cannot lawfully be collected from Plaintiff.

65. Defendant's conduct was directed towards Plaintiff, a senior citizen.

*Allegations Specific to Credit Reporting*

66. In addition, Defendant Citi's collection attempts included furnishing information about Plaintiff to the major credit reporting agencies.

67. In or around June 2024, Plaintiff obtained a copy of his consumer credit reports from non-party credit reporting agencies Experian, Equifax, and Trans Union.

68. All three credit reporting agencies were reporting the Citi SYW credit card account (#XXXXXXXXXXXX1031) with an amount of $20,371 past due.

COMPLAINT AND DEMAND FOR JURY TRIAL

69. The information reported by Defendant Citi was patently inaccurate and/or misleading because the reporting makes it seem as though Plaintiff has an outstanding balance that he is personally and legally responsible for.

70. However, Plaintiff is not legally responsible for the alleged debt because he did not make any of the purchases with the credit card nor did he authorize the purchase.

71. Plaintiff is a victim of identity theft.

72. Defendant Citi furnished information to the major credit reporting agencies it knew or should have known was inaccurate/misleading.

73. Defendant Citi's furnishing of inaccurate information to the credit reporting agencies was an attempt to collect on an alleged debt.

74. Upon information and belief, Defendant Citi furnished inaccurate information about the credit card account to the three major CRAs on more than one occasion.

75. As a result of Defendant Citi's conduct, Plaintiff has sustained and continues to sustain actual damages, including damage to Plaintiff's credit score, credit worthiness, and debt-to-income ratio.

76. The inaccurate credit reporting has caused Plaintiff to suffer from emotional distress and mental pain and anguish, including but not limited to, stress, headaches, anxiety, embarrassment, sleepless nights, frustration, and confusion.

COMPLAINT AND DEMAND FOR JURY TRIAL

77. Defendant Citi's conduct was malicious and/or oppressive.

**COUNT I**
**All Defendants**
**(Violations of the CITA,**
**Cal. Civ. Code § 1798.92 *et seq.*)**

78. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

79. Plaintiff is a "victim of identity theft" as that term is defined by CITA, California Civil Code § 1798.92(d).

80. Due to Defendants Citi and HH's collection attempts, they are "claimant[s]" as that term is defined by CITA, California Civil Code § 1798.92(a).

81. The foregoing acts and omissions of Defendants Citi and HH constitute numerous and multiple violations of CITA.

82. Defendants violated the CITA. Defendants' violations include, but are not limited to, the following:

  a. Defendants received written notice of Plaintiff's claim of identity theft

  b. Defendants violated Cal. Civ. Code § 1798.93(c)(6)

    i. Defendants failed to diligently investigate Plaintiff's multiple notifications of identity theft;

    ii. Plaintiff provided written notice to Defendants that a situation of identity theft exists with respect to his SYW credit card at least 30 days before their lawsuit against him;

COMPLAINT AND DEMAND FOR JURY TRIAL

iii.  Plaintiff provided a copy of the police report he filed with the Orange, California police station alleging that he is a victim of identity theft at least 30 days before the lawsuit;

iv.  Defendants continued to pursue their claims against Plaintiff;

v.  Defendants continued their collection attempts against Plaintiff despite knowledge of him being a victim of identity theft;

83. As a result of the foregoing violations of the CITA, Plaintiff is entitled to actual damages, including emotional distress damages, pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00 from Defendants pursuant to Cal. Civ. Code § 1798.93(c)(6).

## COUNT II
### Defendant HH
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

COMPLAINT AND DEMAND FOR JURY TRIAL

a. Defendant violated 15 U.S.C. § 1692c(c) by refusing to cease communication with the Plaintiff after being notified that Plaintiff refuses to pay the alleged debt.

b. Defendant violated 15 U.S.C. § 1692(d), by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

c. Defendant violated 15 U.S.C. § 1692(e) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

d. Defendant violated 15 U.S.C. § 1692(e)(2)(A) by falsely representing the character, amount, or legal status of any debt.

e. Defendant violated 15 U.S.C. § 1692(e)(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

f. Defendant violated 15 U.S.C. § 1692(e)(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

g. Defendant violated 15 U.S.C. § 1692(f), by using unfair or unconscionable means to collect or attempt to collect any debt.

COMPLAINT AND DEMAND FOR JURY TRIAL

h.  Defendant violated 15 U.S.C. § 1692(f)(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

86. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

87. As a result of the foregoing violations of the FDCPA, Defendant's HH are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

**<u>COUNT III</u>**
**All Defendants**
**(Violations of RFDCPA, CAL. CIV. CODE § 1788 *et seq*.)**

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. Defendants Citi and HH violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

a.  Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692(b) to 1692(j), inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

COMPLAINT AND DEMAND FOR JURY TRIAL

i.   Defendants violated 15 U.S.C. § 1692c(c) by refusing to cease communication with the Plaintiff after being notified that Plaintiff refuses to pay the alleged debt

ii.  Defendants violated 15 U.S.C. § 1692(d), by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

iii. Defendants violated 15 U.S.C. § 1692(e) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

iv.  Defendants violated 15 U.S.C. § 1692(e)(2)(A) by falsely representing the character, amount, or legal status of any debt.

v.   Defendants violated 15 U.S.C. § 1692(e)(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

vi.  Defendants violated 15 U.S.C. § 1692(e)(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

vii. Defendants violated 15 U.S.C. § 1692(f), by using unfair or unconscionable means to collect or attempt to collect any debt.

COMPLAINT AND DEMAND FOR JURY TRIAL

viii.    Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

90. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

91. As a result of the foregoing violations of the RFDCPA, Defendants Citi and HH are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

**Count IV**
**Defendant Citi**
**(Violations of the Consumer Credit Reporting Agencies Act,**
**Cal. Civ. Code § 1785 *et seq.*)**

92. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

93. Defendant Citi violated the CCRAA. Defendant's violations include, but are not limited to, the following:

   a.   Defendant violated Cal. Civ. Code § 1785.25 by furnishing information to the credit reporting agencies that Defendant knew or should have known is incomplete or inaccurate

      i.   Defendant is reporting that Plaintiff has debts owed for the SYW credit card;

- 18 -

COMPLAINT AND DEMAND FOR JURY TRIAL

ii. Defendant has knowledge that Plaintiff is a victim of identity theft;

iii. Defendant has copies of the police report filed by Plaintiff in support of his identity theft claim;

iv. Defendant has knowledge that Plaintiff has resided in Orange, California for the last 20 years and that the charges in question were made in Arizona;

v. Despite this, Defendant furnished inaccurate information to three credit reporting agencies on a bi-monthly or monthly basis within the year preceding the filing of the Complaint indicating that Plaintiff has a significant past due balance owed and a charge off status;

94. Defendant's acts, as described above, were done willfully and knowingly.

95. As a result of the foregoing violations of the CCRAA, Defendant Citi is liable to Plaintiff for actual damages, punitive damages, and attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff David Macias respectfully requests that judgment be entered against Defendants Citibank, N.A. and Hunt & Henriques, LLP for the following:

COMPLAINT AND DEMAND FOR JURY TRIAL

A. Actual damages against Defendants pursuant to CITA, Cal. Civ. Code § 1798.93(c)(5);

B. An award of any equitable relief the Court deems appropriate against Defendants, pursuant to CITA, Cal. Civ. Code § 1798.93(c)(5);

C. A civil penalty of up to $30,000.00 against Defendants pursuant to CITA, Cal. Civ. Code § 1798.93(c)(6);

D. Costs and attorney's fees against Defendants pursuant to CITA, Cal. Civ. Code § 1798.93(c)(5);

E. Declaratory judgment that Defendant Citi violated the CCRAA;

F. Actual damages against Defendant pursuant to CCRAA, Cal. Civ. Code § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(a)(2)(A);

G. Punitive damages of $5,000.00 per violation against Defendant pursuant to CCRAA, Cal. Civ. Code § 1785.31(a)(2)(B);

H. Costs and attorney's fees against Defendant pursuant to CCRAA, Cal. Civ. Code § 1785.31(a)(1);

I. Declaratory judgment that Defendant HH violated the FDCPA;

J. Statutory damages against Defendant HH of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692(k)(a)(2)(A);

K. Actual damages against Defendant HH pursuant to the FDCPA, 15 U.S.C. § 1692(k)(a)(1);

COMPLAINT AND DEMAND FOR JURY TRIAL

L.  Costs and reasonable attorneys' fees against Defendant HH pursuant to the
FDCPA, 15 U.S.C. § 1692(k)(a)(3);

M. Declaratory judgment that Defendant violated the RFDCPA;

N.  Statutory damages against Defendant of $1,000.00 pursuant to the RFDCPA,
Cal. Civ. Code §1788.30(b);

O.  Actual damages against Defendant pursuant to Cal. Civ. Code §1788.30(a);

P.  Costs and reasonable attorneys' fees against Defendants pursuant to the
RFDCPA, Cal. Civ. Code §1788.30(c);

Q.  Treble damages against Defendant pursuant to Cal. Civ. Code § 3345;

R.  Punitive damages to be determined at trial, for the sake of example and
punishing Defendants for their malicious conduct, pursuant to Cal. Civ. Code
§ 3294(a);

S.  Awarding Plaintiff any pre-judgment and post judgment interest as may be
allowed under the law; and

T.  Any other relief that this Court may deem appropriate.

//

//

//

//

//

COMPLAINT AND DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2

3

      Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a

4

trial by jury of all issues triable by jury.

5

                               RESPECTFULLY SUBMITTED,

6

                               **HAMMOUD LAW, P.C.**

7

8

Dated: July 8, 2024             By: */s/ Youssef H. Hammoud*

9
                               Youssef H. Hammoud, (CA #321934)
3744 E. Chapman Ave., #F12269

10
Orange, CA 92859

11
T: (949) 301-9692
F: (949) 301-9693

12
E: yh@lawhammoud.com

13
*Attorneys for Plaintiff,*
*David Macias*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL